UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------------------X

1976 J. J. DELI GROCERY CORP.,

        Plaintiff,            ***JUDICIAL REVIEW OF AGENCY DECISION***

                                      ***AND JURY DEMAND***

-AGAINST-                          Docket No.

1) UNITED STATES DEPARTMENT OF AGRICULTURE;
2) FOOD AND NUTRITION SERVICE;
                           Defendants.
-----------------------------------------------------------------------X

        Plaintiff 1976 J. J. DELI GROCERY CORP, by his attorney Charlie A. Vargas, Esq., of the Law Office of Charlie Vargas, PC, for his federal complaint against the above Defendants alleges as follows:

### PRELIMINARY STATEMENT

        1.      This is a federal action in which Plaintiff seeks relief through Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. 2023) and to Section 279.7 of the Regulations (7 CFR § 279.7) with respect to a judicial review of the final determination made by the Defendants.

        2.      The Plaintiff files this Complaint and Petitioner for Review of the Food and Nutrition Service's ("FNS") Final Agency Decision permanently disqualifying 1976 J. J. DELI GROCERY CORP from participating in the Supplemental Nutrition Assistance Program ("SNAP").

        3.      The claim arises from analysis of EBT transaction data from September 2019 through February 2020 investigated by the U.S. Department of Agriculture (USDA) and the Food and Nutrition Service (FNS) surrounding the store, 1976 J. J. Deli Grocery Corp.

4.   Plaintiff brings this action not only to challenge the final agency decision that he did not meet his burden of proving beyond a preponderance of the evidence that he did not traffic EBT benefits.

5.   5.   The Court has federal question jurisdiction over this matter by reason of Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. 2023) and to Section 279.7 of the Regulations (7 CFR § 279.7.)

6.   6.   The Plaintiff alleges, through prior counsel, that at all times relevant to this action, the Plaintiff provided relevant information for the agency to review. That in support of his position, he submitted (1) numerous vendor invoices/receipts; (2) 2018 Federal Corporation Income Tax Form 1120 for Plaintiff's 2019 fiscal year beginning September 1st, 2018 and ending August 31st, 2019; (3) Jetro Cash & Carry customer purchase history for September 2019-February 2020; (4) SNAP deposits for September 2019 through February 2020; (5) New York State ST-100 quarterly tax returns for periods September 1st, 2019 through November 30th, 2019 and December 1st, 2019 through February 29th, 2020; (6) F & J Mater Sales summary for September 2019 through February 2020; (7) Goya customer year to date balances; (8) Self-prepared invoice analysis for September 2019 through February 2020 with 48% mark up included; (9) Farmer's Choice Dairy Sales summary for September 2019 through February 2020; and (10) Locate SNAP retailers information downloaded from FNS website.

7.   Pursuant Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. 2023 (a) (17), the Plaintiff is also seeking to stay the proceedings pending Judicial Review of the FNS's Final Agency Decision. Section 2023 (a) (17) states in its entirety:

> During the pendency of such judicial review, or any appeal therefrom, the administrative action under review shall be and remain in full force and

effect, unless on application to the court on not less than ten days' notice, and after hearing thereon and a consideration by the court of the applicant's likelihood of prevailing on the merits and of irreparable injury, the court temporarily stays such administrative action pending disposition of such trial or appeal.

8.      Plaintiff asserts the sufficient evidence to support the store characteristics, more specifically the nature and scope of the firm's operations, stock and facilities, that justified the firm's alleged irregular SNAP transactions.

9.      Plaintiff alleges that the unusual transaction patterns were due to recipient's close proximity as opposed to other authorized SNAP authorized stores.

10.      Plaintiff alleges that the large transactions are consistent with the store's observed characteristics and food inventory. That only 63 transactions are above $60.00 ad only 15 transactions were above $100. In support of Plaintiff's contentions, prior counsel submitted for review its 2018 U.S. Corporation Federal Income Tax Return form 1120 for their fiscal year beginning September 1st, 2018 ending August 31st, 2019, and two (2) New York State (NYS) Quarterly ST-100 forms for the periods of September 1st 2019 through November 30th, 2019, and December 1st, 2019 through February 2020 as evidence of their $502.726 gross annual earnings.

## JURY DEMAND

14.      In free exercise and enjoyment of FRCivP Rule 38 and the 7th Amendment, Plaintiff requests a jury trial.

## VENUE

15.      Venue is laid within the Southern District of New York in that Plaintiff's place of business is located within and a substantial part of the events giving rise to the claim occurred

within the boundaries of the Southern District. 28 U.S.C. § 1391 (b) and (c).

## Relief Sought in a Court of Law

204.     WHEREFORE, Plaintiff respectfully demands a stay in the FNS'S Final Agency

Decision pending the outcome of this matter:

        a)      A declaratory judgment that Defendants as described

above,

        b)      A judicial review of FNS' Final Agency Decision;

        c)      Awarding Plaintiff reasonable attorneys' fees, expenses,

expert witness fees, other litigation expenses, fees, and costs,

        d)      Granting such other and further relief to which Plaintiff

may be entitled as a matter of law or equity, or which the court determines

to be just and proper, including, but not limited to equitable relief under

Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. 2023) and to

Section 279.7 of the Regulations (7 CFR Sect. 279.7)

Respectfully Submitted,

Law Office of Charlie A. Vargas, P.C

Charlie A. Vargas, Esq.
26 Court Street, Suite 1406
Brooklyn, New York 11242
718 596 0025
Email: charlie@cvargaslaw.com