UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COUNTY OF NEW YORK
-------------------------------------------------------------------x
1976 J. J. DELI GROCERY CORP.,

                                      Case No.
                                      NOTICE OF MOTION
                                      FOR LEAVE TO FILE
                                      LATE COMPLAINT

1) UNITED STATES DEPARTMENT OF AGRICULTURE;
2) FOOD AND NUTRITION SERVICE;
-------------------------------------------------------------------x

        **PLEASE TAKE NOTICE**, that upon the attached affidavit of Rafael Vargas D/B/A/ 1976 J. J. Deli Grocery Corp, sworn to on the 3rd day of December 2020, and Affirmation of Support by his attorney, Charlie A. Vargas, Esq., sworn on the 2nd day of December 2020, and all proceedings herein, the petitioner will move this court, the United States District Southern District of New York, U.S.D.J., in room and date to be determined by the Judge in light of the current Covid-19 pandemic, or soon thereafter order as counsel can be heard, for an order pursuant to Rule of the Federal Rules of Civil Procedure granting the motion for leave to file the Complaint.

Dated: December 2nd, 2020
         Brooklyn, NY

                                                  Respectfully,

                                                 Charlie A. Vargas, Esq.
                                                 Attorney for Petitioner
                                                 26 Court Street, Suite 1406
                                                 Brooklyn, New York 11242
                                                 (718) 596-0025
                                                 Charlie@cvargaslaw.com

*MEMO ENDORSED*

TO:  **USDA/FNS**
       Administrative Review Branch
       Room 5042
       1320 Braddock Place
       Alexandria, VA 22314-1649

12/8/2020
I am granting this motion [handwritten endorsement]

```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 12/9/20
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COUNTY OF NEW YORK
------------------------------------------------------------------x
1976 J. J. DELI GROCERY CORP.,

                                                                                                                 Case No.
                                                                                                                  NOTICE OF MOTION
                                                                                                                  FOR LEAVE TO FILE
                                                                                                                  LATE COMPLAINT

1) UNITED STATES DEPARTMENT OF AGRICULTURE;
2) FOOD AND NUTRITION SERVICE;
------------------------------------------------------------------x
STATE OF NEW YORK)
                       SS.:
COUNTY OF KINGS )

      **CHARLIE A. VARGAS, ESQ.**, an attorney duly admitted to practice in United States District Court, Southern District County of New York, hereby affirms the following allegation under the penalties of perjury:

    1. That I am the incoming attorney of record for the Petitioner, 1976 J. J. Deli Grocery Corp., herein, and as such, I am familiar with the facts and circumstances of the within Proceeding, except as to those matters which are based upon information and belief, and as to those matters, I believe them to be true. The basis of my belief is information furnished to me by my client and information in the file.

    2. This affirmation is submitted in support of the within motion for leave to file a late complaint against the Defendants, United States Department of Agriculture ("USDA") and Food and Nutrition Service ("FNS"), in response to a Final Agency Decision dated October 5th, 2020. (*See*, Exhibit A: Final Agency Decision)

    3. The above-entitled action is a federal action in which Plaintiff seeks relief through Section 14 of the Food and Nutrition Act of 2008 (7 U.S.C. 2023) and to Section 279.7 of the Regulations (7 CFR § 279.7) with respect to a judicial review of the final determination made by the Defendants.

4. The Plaintiff files this Complaint for Review of the Food and Nutrition Service's ("FNS") Final Agency Decision permanently disqualifying 1976 J. J. DELI GROCERY CORP from participating in the Supplemental Nutrition Assistance Program ("SNAP").

5. The undersigned was recently retained on this matter on December 2nd, 2020, however, the plaintiff provided documents for the undersigned's review in mid October of 2020.

6. The undersigned is a solo-practitioner and during the late month of October became ill for several weeks until returning back to work in mid-November.

7. Furthermore, the undersigned experienced two personal losses in the family in the month of November and decided to tend to his family during such time. At this time, the undersigned was not officially retained by the plaintiff but the undersigned did communicate to the plaintiff that he will review the case file and continue the conversation by phone.

8. Upon reviewing all of the documents provided, and before being officially retained, the undersigned noticed that the plaintiff had actually received a Final Agency Decision and as such, was only allotted thirty days to file a complaint in the U.S. District Court of jurisdiction where he engaged in business.

9. The Federal Rules of Civil Procedure provide equitable safeguards for an inadvertently missed deadline. The missing of the deadline was inadvertent and the undersigned has acted expeditiously and in good faith to get the paper submitted, and that the other side has not been prejudiced. The courts have generally held inadvertence as an "excusable neglect" to mitigate the harshness of being completely barred by filing a document by a missed filing deadline. Fed. R. Civ. P. 60(b)(1)

10. Furthermore, the undersigned was not yet admitted into the U.S. Southern District Court of New York and had to wait for his application to be approved by the court. (*See* Exhibit B: Notice of Approval dated November 24th, 2020)

11. The Final Agency Decision of the USDA, FNS was received by plaintiff's prior legal representatives, Latin American Business Office, Inc., on or about October 5th, 2020, and

the federal complaint was due to be filed on or before November 4th, 2020. Therefore, only one month has passed since the missed deadline.

12. The U.S. Supreme Court has provided guidance on what constitutes excusable neglect in the *Pioneer* case, where the Court laid out a four-factor balancing test for what constitutes excusable neglect under either Rule 6 or Rule 60. In a passing reference endorsing the standard of excusable neglect enunciated by the court below, the factors to be considered in excusable neglect are (in no particular order): (1) whether the delay in filing was within the reasonable control of the movant; (2) the length of the delay and the delay's potential impact on judicial proceedings; (3) the danger of prejudice to the non-moving party; and (4) whether the movant acted in bad faith.

13. Though the delay in filing the federal complaint was within reasonable control of the movant, the missing of the deadline was clearly inadvertent. The inadvertence is evidenced by the plaintiff's statements in his own affidavit that describes a medical condition that involved recovering from heart attack that occurred on or about July 29th, 2020. It is also evidenced by the plaintiff's inability to read or speak English, the undersigned's own inability to practice in the U.S. Southern District of New York without approval, the undersigned's illness in November 2020, and personal loss in the midst of a Covid-19 pandemic.

14. Secondly, the length of the delay is only thirty days from the deadline and not significant enough to have a potential impact on the judicial proceeding. Fed. R. Civ. P. 60(b)(1)(B) provides that for any act that must be done by a party to a federal court proceeding within a specified time frame, the court may "for good cause, extend the time…after the time has expired if the party failed to act because of excusable neglect." Second, Rule 60(b)(1) provides for a party or their legal representative to obtain relief from an adverse judgment of a federal court for "mistake, inadvertence, surprise or excusable neglect." Fed. R. Civ. P. 60(b)(1). In theory, a motion under Rule 6(b)(1)(B) may be filed at any time. However, there is a strict deadline of one year from the date of the entry of judgment for the movant to file a motion under Rule 60(b).

Fed. R. Civ. P. 60(c)(1). Here, thirty days not only fall short of the strict deadline of one year, the delay also occurred in the midst of a pandemic where courts, specifically in New York, were closed or operating in a less functioning capacity.

15. Thirdly, there is no danger of prejudice to the non-moving party for the exact reason. Here, the Defendants are in possession of most if not all discovery that is needed to go forward in this proceeding and the thirty days delay does not give rise to the risk that it is not possible to have a fair trial.

16. Lastly, there is no comprehensible reason as to why the movant would act in bad faith by not filing a federal complaint any sooner.

**WHEREFORE**, it is respectfully requests that the Court grant the within motion in its entirety, and for such other and further relief as to the Court may seem just and equitable

Dated: Brooklyn, New York
      December 2nd, 2020  Respectfully,

_____
Charlie A. Vargas, Esq.
Attorney for Petitioner
26 Court Street, Suite 1406
Brooklyn, New York 11242
(718) 596-0025
Charlie@cvargaslaw.com

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT COUNTY OF NEW YORK
-----------------------------------------------------------------x

1976 J. J. DELI GROCERY CORP.,

                                              Case No.

      v.

                                              **AFFIDAVIT OF**
                                              **PLAINTIFF**

1) UNITED STATES DEPARTMENT OF AGRICULTURE;

2) FOOD AND NUTRITION SERVICE;
-----------------------------------------------------------------x

I, **RAFAEL VARGAS D/B/A 1976 J. J. DELI GROCERY CORP.** sworn under penalty of perjury, that:

1. I am the business owner of said store, Rafael De Jesus Vargas.
2. I make this application in support of filing my complaint to with the United States District Court, Southern District of New York.
3. That I was unfamiliar with the federal laws and electronic filing as it relates to this case.
4. That on in late July 2020, I suffered a major heart attack and was hospitalized for approximately 4 to 5 days.
5. That I was bedridden for most of August and September of this year and started to go back to work on a small time basis in the beginning of November of 2020.
6. That I was informed by my previous attorneys in October 2020 that I had lost my case on the administration level but I was unsure how to proceed fighting my case.
7. I contacted the Law Office of Charlie Vargas, P.C. to assist me in this matter to proceed pursing this case on the federal level.
8. I understand now that the filing of this complaint comes after the 30 days of my prior attorney receiving the final agency decision in early October 2020.
9. Due to my fragile state of recovering from a heart attack, my difficulty in reading English, and the stresses associated with managing a store during a pandemic and without the ability to conduct EBT transactions, I am requesting that this court grant me the opportunity to pursue my claim in federal court.
10. It is my understanding that at this early stage of the litigation, there is no apparent impact on the proceedings or prejudice to the defendants caused by the late filing by a few weeks.
11. That the late filing was due to an excusable neglect.

**WHEREFORE**, I, pray that the Court grant the within motion, as well as such other and further relief as may be just and proper.

                                              Respectfully Submitted,
                                              RAFAEL VARGAS D/B/A 1976 J.
                                              J. DELI GROCERY CORP

                                              By: Plaintiff

Sworn to me this
day of December 2020

BELKIS COISCOU
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01C05021035
Qualified in New York County
Commission Expires 02/17/2022

12/03/2020

## VERIFICATION

I, **RAFAEL VARGAS D/B/A 1976 J. J. DELI GROCERY CORP**, being duly sworn deposes and state the following under oath and penalty:

I am party to this action and a named Plaintiff in court number

I have read the **Complaint** by my attorney, Charlie A. Vargas, Esq. that is to be filed in U.S. District Court, Southern District of New York.

I make this verification in this matter based on my knowledge of the affairs surrounding this matter.

As to the matters alleged herein, I verify that upon information and belief they are true and accurate to the best of my knowledge.

Dated: Bronx, New York
December 1st, 2020

Respectfully submitted,

_____
**RAFAEL VARGAS**

SWORN TO BEFORE ME THIS

03 DAY OF DECEMBER 2020

_____
Notary

BELKIS COISCOU
NOTARY PUBLIC, STATE OF NEW YORK
NO. 01CO5021035
Qualified in New York County
Commission Expires 02/17/2022