UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 6/15/2021

---

1976 J.J. DELI GROCERY CORP.,

                Plaintiff,

    v.

FOOD AND NUTRITION SERVICE,

                Defendant.

No. 20-cv-10203 (CM)

---

**DECISION AND ORDER GRANTING UNOPPOSED MOTION TO DISMISS**

McMahon, J:

On December 4, 2020, Plaintiff J.J. Deli Grocery Corp. filed a complaint in this court seeking judicial review of the determination by the U.S. Department of Agriculture, Food and Nutrition Service ("FNS") to disqualify Plaintiff permanently from the Supplemental Nutrition Assistance Program ("SNAP"). SNAP – formerly known as the food stamps program – is a program through which qualifying households receive benefits that they can use to purchase food at authorized retailers. FNS administers the program and has the authority to disqualify a store from participating in the program if the store fails to comply with certain regulations. *See* 7 C.F.R. § 278.6.

On the same day that J.J. filed its complaint, its counsel also filed a motion for leave for an extension of time to file that same complaint. Counsel for J.J. acknowledged that J.J.'s deadline to file a complaint seeking judicial review had expired on November 4, 2020 – thirty days after it had received notice of the FNS's final determination.[1] 7 C.F.R. § 279.7(a) ("[A] firm aggrieved by the determination of the designated reviewer may obtain judicial review of the determination by filing

---

[1] Counsel for the Government notes that the deadline was actually likely November 5, because while the FNS determination was issued October 5, J.J. was not served until the next day.

a complaint against the United States . . . . within 30 days after the date of delivery or service . . . of the notice of determination[.]"). Counsel, in his motion, noted that he had not been retained by J.J. until December 2.

The court, unaware of the jurisdictional issue the Government now highlights, authorized the late filing in light of the pandemic.

Apparently, the Government was not served with the complaint until April 9, 2021 – the date that J.J. finally filed an affidavit attesting to that fact with the court. An attorney for the Government entered an appearance four days later, and the Government filed the present motion to dismiss on May 11. Plaintiff's counsel has not filed any response to the motion to dismiss, and the time for responding to the motion has now passed.

The Government's motion to dismiss is granted, for substantially the reasons set forth in its brief. (Dkt. No. 11).

While I am prepared to deem the complaint as filed against the United States (the proper party) – even though J.J. listed the FNS as the defendant – the complaint must be dismissed because it was filed more than thirty days after J.J. was served with the FNS's final determination. District courts lack jurisdiction to review SNAP disqualification determinations if the complaint is filed more than thirty days after the plaintiff is served with the determination that he seeks to review. *See Ade v. U.S.*, No. 13 Civ. 2334 (WHP), 2014 WL 1333672, at *2–3 (S.D.N.Y. Mar. 31, 2014); *Gonzalez v. U.S. Dep't of Agriculture, Food and Nutrition*, No. 12 Civ. 7932 (RA), 2013 WL 4452842, at *3 (S.D.N.Y. Aug. 16, 2013); *Mendez & DeJesus Grocery Store v. U.S. Dep't of Agric.*, No. 97 Civ. 1099, 1997 WL 250458, at *2 (S.D.N.Y. May 12, 1997). This is because courts interpret 7 U.S.C. § 2023(a) – the statute permitting judicial review of such determinations – as "a jurisdictional provision constituting a limited waiver of sovereign immunity and is not subject to

tolling." *Ade*, 2014 WL 13333672, at *2. Absent the Government's consent, it has not waived sovereign immunity, so the court was powerless to extend the deadline or to hear this case at all. Any amendment to the complaint would be futile because any proposed amendment would not cure plaintiff's jurisdictional problem. *See Broidy Capital Mgmt. LLC v. Benomar*, 944 F.3d 436, 447 (2d Cir. 2019).

The Government's motion to dismiss is therefore granted, and the complaint is dismissed.

The Clerk is respectfully directed to remove Dkt. No. 10 from this court's list of open motions and to close this case.

Dated: June 15, 2021
New York, New York

District Judge